```
                    UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )   Chapter 7
ROBERT I. LEE,                  )
                                )   Bankruptcy No. 01-00456
     Debtor.                    )
                                )
_____)
ROBERT I. LEE,                  )
                                )   Adversary No. 07-09031
     Plaintiff,                 )
                                )
vs.                             )
                                )
MARGARET SPELLINGS, SECRETARY,  )
UNITED STATES DEPARTMENT OF     )
EDUCATION,                      )
                                )
     Defendant.                 )
```

### ORDER RE: DEBTOR'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS

This matter came before the undersigned for trial on March 20, 2008.  Debtor Robert Lee appeared with Attorney Steven G. Klesner.  Attorney Martin J. McLaughlin represented Defendant U.S. Department of Education ("DOE").  After the presentation of evidence and argument, the Court took the matter under advisement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

### STATEMENT OF THE CASE

Debtor asserts he has insufficient income to repay student loans and requests an undue hardship discharge under § 523(a)(8). The Department of Education asserts Debtor is able to pay the student loan without undue hardship.

### FINDINGS OF FACT

Debtor Robert Lee currently lives in Kansas City, Missouri. He is 48 years old.  Debtor's adjusted gross income from his tax returns was $24,640 for 2006 and $16,516 for 2005.  At his current job as a stereo compiler, Debtor earns approximately $640 per week which is more than $30,000 annually.  This job may be at risk because he needs to get a security clearance which might not be possible because of the amount he owes on his student loan.

Debtor currently lives in the basement of his sister's home which he rents for $120 per week.  He testified that he may have to move soon.  He drives a 1995 Ford Taurus.  Debtor testified he has taken no vacations in the last two years and has no expensive hobbies.

From 1991 to 1996, Debtor attended the University of Dubuque.  He graduated with a B.S. degree with a major in General Science and a minor in Aviation.  Debtor borrowed approximately $38,000 to finance his college education.  Subsequently, he consolidated his loans.  The total balance due to the DOE is currently $145,567.36.

Debtor wished to become a pilot, but has been unable to pursue that career because of the medication he takes for back pain.  He has suffered from scoliosis since he was young.  He thought his back problems were resolved after he had surgeries in 1980 and 1991.  However, he continued to have pain in college and it got worse.  Debtor has back pain for which he is being treated.  He wears a back support device and has prescriptions for a pain killer and a muscle relaxer.

Previously, Debtor's employment consisted of being a driver or a tour guide earning approximately $10.00/hour.  In 2004, Debtor worked as an English Teacher at a Christian academy in Thailand.  He now wishes to work as a minister or missionary.  As he has been able to afford it, he has been taking courses toward a degree which would allow him to be a minister.  Debtor's income may decrease if he becomes a minister or missionary.

Debtor filed his Chapter 7 petition on February 23, 2001 and received a discharge on May 30, 2001.  He filed an adversary complaint to discharge his student loans in Adv. No. 01-09110.  This proceeding culminated in a Stipulation of Settlement with the DOE.  <u>See</u> Ex. 2.  Debtor agreed to pay income contingent payments of $25.02/month, which could increase if Debtor's income increased.  It is not clear whether Debtor made any payments under the Settlement.  Based on Debtor's current income, income contingent payments are $330/month.  Debtor filed this adversary proceeding seeking to discharge the student loan after the DOE started garnishing his wages.

## CONCLUSIONS OF LAW

Student loan debts are not discharged in bankruptcy "unless excepting such debt from discharge . . . will impose an undue hardship on the debtor and the debtor's dependents."  11 U.S.C. §

523(a)(8). Debtor must prove the existence of undue hardship by a preponderance of the evidence. In re Cheney, 280 B.R. 648, 659 (N.D. Iowa 2002).

"Undue hardship" requires examination of the totality of circumstances. In re Reynolds, 425 F.3d 526, 532 (8th Cir. 2005).

> In evaluating the totality-of-the-circumstances, our bankruptcy . . . courts should consider: (1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the debtor's and her dependent's reasonable necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case. Simply put, if the debtor's reasonable future financial resources will sufficiently cover payment of the student loan debt - while still allowing for a minimal standard of living - then the debt should not be discharged.

In re Long, 322 F.3d 549, 554 (8th Cir. 2003) (citations omitted). The first factor "will require a special consideration of the debtor's present employment and financial situation - including assets, expenses, and earnings - along with the prospect of future changes - positive or adverse - in the debtor's financial position." Id.; In re Nelson, 343 B.R. 919, 922 (Bankr. S.D. Iowa 2006) (Kilburg, J.).

The second factor, concerning debtor's living expenses, requires a determination of what expenses are "reasonable and necessary." In re Long, 292 B.R. 635, 638 (B.A.P. 8th Cir. 2003) (on remand from 8th Circuit). To be reasonable and necessary, expenses must be modest and commensurate with the debtor's resources. In re Meling, 263 B.R. 275, 279 (Bankr. N.D. Iowa 2001), aff'd, 2002 WL 32107248 (N.D. Iowa 2002).

Other relevant factors and circumstances of each individual bankruptcy case may include: (1) the debtor's good faith effort to repay the loan, or a debtor's bad faith in non-repayment, (2) whether the debtor has made a good faith effort to obtain employment, maximize income, and minimize expenses, and (3) whether the debtor is suffering truly severe, even uniquely difficult financial circumstances, not merely severe financial difficulty. Faktor v. United States, 306 B.R. 256, 264 (Bankr. N.D. Iowa 2004); In re Wilson, 270 B.R. 290, 294 (Bankr. N.D. Iowa 2001).

**ANALYSIS**

    Debtor has failed to prove by a preponderance of the evidence that excepting his student loans from discharge will impose an undue hardship on him. In the Stipulation of Settlement between Debtor and the DOE in 2002, Debtor agreed to make income contingent payments but apparently failed to do so. Debtor is currently earning more than at any other time since he received his college degree. He speculates he may lose this job if he fails to qualify for a security clearance. Also, Debtor's income may decrease if he becomes a minister. These possibilities are hypothetical, however, and the Court finds Debtor's current income is fairly stable. The Court further finds that Debtor's expenses are reasonable.

    Except for a few payments immediately post-graduation, Debtor has made no voluntary payments on his student loans. Debtor's job history shows that he has not made a significant effort to maximize his income. Debtor suffers from back pain, but it has not hindered him from working at his current job, which is the best-paying job of his career. Debtor is not suffering truly severe or uniquely difficult financial circumstances. The Court concludes that excepting the student loan debt from discharge will not impose an undue hardship on Debtor as those terms are defined by existing law.

    **WHEREFORE**, Debtor's Complaint to Determine Dischargeability of Student Loans is DENIED.

    **FURTHER**, the student loan debt owed to the Department of Education is excepted from discharge under § 523(a)(8).

    DATED AND ENTERED:

    April 16, 2008.

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE